

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00184-CR

---

TROY MYERS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Criminal Court No. 2
Denton County, Texas
Trial Court No. CR-2020-05635-B

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Troy Myers pled nolo contendre to interference with an emergency request for assistance, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 42.062(c). The trial court sentenced Myers to 300 days' confinement for each offense but suspended his sentence in favor of placing him on community supervision for seventeen months. The State alleged that Myers violated the terms and conditions of his community supervision by failing his drug test on several occasions, among other things, and moved to revoke Myers's community supervision. After a hearing in which Myers pled true to the majority of the State's allegations, the trial court revoked Myers's community supervision, sentenced him to 210 days' confinement in the Denton County Jail, and ordered him to pay $67.00 in restitution and $175.00 for "old atty fees."[1]

On appeal, Myers's appellate counsel filed a brief stating that she thoroughly reviewed the record and found no nonfrivolous issues that could be raised on appeal.[2] The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex.

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

[2]In our cause number 06-24-00183-CR, Myers appeals from his conviction for family violence assault causing bodily injury.

Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 14, 2025, counsel mailed to Myers copies of the brief, the motion to withdraw, and the appellate record. Myers was informed of his rights to review the record and file a pro se response. By letter dated January 14, we informed Myers that his pro se response was due on or before February 14. On February 26, this Court further informed Myers that the case would be set for submission on the briefs on March 19. We received neither a pro se response from Myers nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, consistent with the manner in which our sister court reviews *Anders* cases, non-reversible error is found in the trial court's order to pay attorney fees.

"A defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). Here, the record demonstrates that Myers was and has remained indigent. As a result, no attorney fees were assessed against him when he was placed on community supervision, and there was no term or condition of his community supervision requiring him to pay attorney fees. Even so, the trial court assessed $175.00 for "old atty fees."

3

In *Anders* cases, appellate courts have the authority to modify judgments and affirm as modified in cases where there is nonreversible error. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App—Fort Worth 2005, no pet.) (en banc). We have determined that the attorney fees reflected in the judgment and corresponding bill of costs are unauthorized. As a result, we modify the judgment and bill of costs by striking the $175.00 in attorney fees.

As modified, we affirm the trial court's judgment.[3]

Charles van Cleef
Justice

Date Submitted:     March 19, 2025
Date Decided:      April 9, 2025

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.